UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT LINDOW,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MONICA PERKINS, an individual;<br>REBECCA F. WEISMAN, an individual;<br>STEVEN L. YARBROUGH, an individual;<br>DARREN WALLACE, an individual and as conservator of estate of Carl Lindow;<br><br>　　　　Defendants. | Case No. 5:17-cv-02782-HRL<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. 6 |

Pro se plaintiff Robert Lindow filed this action under 42 U.S.C. § 1983 for alleged violation of his rights under the U.S. Constitution. He claims that defendants wrongfully caused one Carl Lindow to be placed in a conservatorship and conspired to gain control over his person and estate. The proceedings, says plaintiff, have affected possession of the home where he has been living. His complaint asserts claims for "Abuse of Process," "Intentional Infliction of Emotional Distress," "Declaratory Relief--Land Contract," and "Declaratory Relief--Powers of Conservator Obtained in Violation of Due Process."

Plaintiff now says that Carl Lindow's conservator initiated an unlawful detainer action against him and that the Superior Court in Santa Cruz has permitted the eviction to proceed. Plaintiff seeks a temporary restraining order (TRO) enjoining the eviction, reportedly scheduled

for tomorrow. For the reasons to be discussed, the TRO application will be denied, and this action is dismissed.[1]

A request for a TRO is evaluated by the same factors that generally apply to a preliminary injunction, see Stuhlbarg Int'l Sales Co. v. John D. Brushy & Co., 240 F.3d 832, 839 n. 7 (9th Cir. 2001), and as a form of preliminary injunctive relief, a TRO is an "extraordinary remedy" that is "never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). Rather, the moving party bears the burden of demonstrating that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter, 555 U.S. at 20. Alternatively, if the moving party can demonstrate the requisite likelihood of irreparable harm, and show that an injunction is in the public interest, a preliminary injunction may issue so long as there are serious questions going to the merits and the balance of hardships tips sharply in the moving party's favor. Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

Here, plaintiff's TRO application apparently stems from the state court's judgment in the unlawful detainer action. Plaintiff argues that the state court wrongfully determined that there was insufficient evidence of a "land contract," which plaintiff says permits him to live on the subject property. This court, however, cannot review the sufficiency of the unlawful detainer judgment to the extent that is what plaintiff seeks to accomplish here. The Rooker-Feldman[2] doctrine "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a *de facto* appeal from a state court judgment." Reusser v. Wachovia Bank, 525 F.3d 855, 859 (9th Cir. 2008). The Ninth Circuit has recognized that the "clearest case for dismissal based on the

---

[1] Plaintiff has expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. There is no indication on the docket that defendants have been served. Unserved defendants are not deemed to be "parties" to the action within the rules requiring consent to magistrate judge jurisdiction. See Neals v. Norwood, 59 F.3d 530, 532 (5th Cir. 1995); see also Merino v. Saxon Mortgage, Inc., No. C10-05584, 2011 WL 794988 at *1, n. 1 (N.D. Cal., Mar. 1, 2011) (Laporte, J.) (same).

[2] See Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

2

Rooker-Feldman doctrine occurs when a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." Reusser, 525 F.3d at 859 (citation and quotations omitted).  Here, plaintiff's TRO application seeks to restrain state officers from carrying out the state court's unlawful detainer judgment.  Accordingly, the application must be denied.

SO ORDERED.

Dated: August 9, 2017

HOWARD R. LLOYD
United States Magistrate Judge

5:17-cv-02782-HRL Notice sent by U.S. Mail on 8/9/2017 to:

Robert Lindow
286 Jaunell Road
Aptos, CA 95003

4