United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT LINDOW, | Case No. 5:17-cv-02782-HRL |
| Plaintiff, | |
| v. | **ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION** |
| MONICA PERKINS, et al., | |
| Defendants. | |

Pro se plaintiff Robert Lindow filed this action under 42 U.S.C. § 1983 for alleged violation of his rights under the U.S. Constitution. He claims that defendants wrongfully caused one Carl Lindow to be placed in a conservatorship and conspired to gain control over his person and estate. The proceedings, says plaintiff, have affected possession of the home where he has been living. His complaint asserts claims for "Abuse of Process," "Intentional Infliction of Emotional Distress," "Declaratory Relief--Land Contract," and "Declaratory Relief--Powers of Conservator Obtained in Violation of Due Process."

Having reviewed the allegations of the complaint, this court harbors some doubt whether plaintiff has stated a viable federal claim for relief under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a

person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda County, 811 F.2d 1243, 1245 (9th Cir. 1987).

Here, the complaint's allegations indicate that defendants are all private individuals. Private individuals, however, do not act under color of state law, an essential element of a § 1983 action. See Gomez v. Toledo, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not covered under § 1983. See Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 550 (9th Cir. 1974), cert. denied, 421 U.S. 949 (1975). Simply put: There is no right to be free from the infliction of constitutional deprivations by private individuals. See Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996).

There is nothing here to suggest that defendants acted under color of state law or that defendants' conduct fairly may be attributable to the state. As such, there would appear to be no basis for a § 1983 claim, which is the sole basis for federal jurisdiction. Accordingly, the court vacates the August 15, 2017 Initial Case Management Conference. Plaintiff shall instead appear before this court on **August 22, 2017, 10:00 a.m.,** Courtroom 2, Fifth Floor, United States District Court, 280 South First Street, San Jose, California and show cause why this case should not be dismissed.

SO ORDERED.

Dated: August 10, 2017

_____
HOWARD R. LLOYD
United States Magistrate Judge

5:17-cv-02782-HRL Notice sent by U.S. Mail on 8/10/2017 to:

Robert Lindow
286 Jaunell Road
Aptos, CA 95003